IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| STANISLAV STEVEN YELIZAROV, | * | |
| Petitioner, | * | |
| v. | * | **Crim. Action No. RDB-16-0309** |
| | | **Civil Action No.   RDB-20-2808** |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

On April 26, 2018, *pro se* Petitioner Stanislav Steven Yelizarov ("Yelizarov" or "Petitioner") was sentenced to 20-years' imprisonment for the use, carry and discharge of a firearm during and in relation to a crime of violence causing the death of another, in violation of 18 U.S.C. §§ 924(c), (j)(1).[1] (Judgment, ECF No. 99.) Yelizarov appealed his sentence to the United States Court of Appeals for the Fourth Circuit on April 30, 2018. (*See* Notice of Appeal, ECF No. 101.) On August 13, 2020, the Fourth Circuit affirmed Yelizarov's conviction and sentence in this case. (ECF No. 117.); *United States v. Yelizarov*, 815 Fed. App'x 742 (Mem.) (4th Cir. Aug. 13, 2020).

Currently pending before this Court is Petitioner's *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (ECF No. 120.) The Government has filed a Response in opposition. (ECF No. 126.) Petitioner was given 28 days following the

---

[1] This case was originally assigned to the Honorable Marvin J. Garbis and was subsequently reassigned to the undersigned upon Judge Garbis's retirement. Yelizarov was also sentenced to 30 years in criminal case No. ELH-15-0261, resulting in a total term of 50 years' imprisonment. (*See United States v. Yelizarov*, Judgment, Criminal Case No. ELH-15-0261, ECF No. 203.)

Government's Response to file a Reply, but he did not do so. (See ECF No. 123.) The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2018). For the reasons that follow, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 120) is DENIED.

## BACKGROUND

On June 21, 2016, Stanislav Yelizarov was charged in a one-count Indictment with the use, carry and discharge of a firearm during and in relation to a crime of violence causing the death of another, in violation of 18 U.S.C. §§ 924(c), (j)(1). (Indictment, ECF No. 1.) On September 8, 2017, Yelizarov pled guilty before the Honorable Marvin J. Garbis[2] to the sole charge in the Indictment, without the benefit of a plea agreement. (ECF No. 46.) As part of his plea, Yelizarov affirmed that, had the case gone to trial, the Government would be able to prove that "Yelizarov intentionally shot [the victim] to kill him" and that this took place "during the course of the robbery," and that the robbery at issue qualified as one under 18 U.S.C. § 1591. (9/8/2017 Guilty Plea Hearing at 21-22, ECF No. 60.)

Three months after pleading guilty, Yelizarov filed a *pro se* motion to withdraw his guilty plea. (ECF No. 56.) Yelizarov was appointed new counsel on December 12, 2017. (ECF No. 58.) On March 5, 2018, Judge Garbis conducted an evidentiary hearing on Yelizarov's motion, with both Yelizarov and Yelizarov's prior counsel testifying about the course of the representation. (ECF No. 74.) On March 12, 2018, in a written opinion, Judge Garbis denied Yelizarov's motion to withdraw his guilty plea. (ECF No. 77.) Applying the factors from *United States v. Moore*, 931 F.3d 245, 248 (4th Cir. 1991), the Court stated that "[t]here is no

---

[2] Yelizarov's guilty plea hearing and sentencing were conducted before Judge Garbis.

contention by Defendant Yelizarov that the Court's Rule 11 proceeding was in any way defective." (ECF No. 77 at 3.) The Court found that "Yelizarov has not established inadequate professional performance by his attorney and has not offered credible evidence that his plea, made under oath, was not knowing or voluntary." (*Id.* at 4.) Accordingly, Yelizarov proceeded to sentencing for his conviction of the use, carry and discharge of a firearm during and in relation to a crime of violence causing the death of another, in violation of 18 U.S.C. §§ 924(c), (j)(1).

On April 26, 2018, the Court sentenced Yelizarov to 20 years' imprisonment, to run consecutive to the 30-year sentence currently being served in criminal case number ELH-15-0261, for a total term of 50 years' imprisonment, followed by a 10-year period of supervised release. (Judgment, ECF No. 99.) Yelizarov appealed his sentence to the United States Court of Appeals for the Fourth Circuit on April 30, 2018. (*See* Notice of Appeal, ECF No. 101.) On August 13, 2020, the Fourth Circuit affirmed Yelizarov's conviction and sentence in this case. (ECF No. 117.); *United States v. Yelizarov*, 815 Fed. App'x 742 (Mem.) (4th Cir. Aug. 13, 2020). On September 25, 2020, Yelizarov filed the presently pending Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (ECF No. 120.)

## STANDARD OF REVIEW

This Court recognizes that the Petitioner is *pro se* and has accorded his pleadings liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197 (2007). Under 28 U.S.C. § 2255, a prisoner in custody may seek to vacate, set aside, or correct his sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in

excess of the maximum authorized by law, or (4) the sentence is otherwise subject to a collateral attack. *Hill v. United States*, 368 U.S. 424, 426–27, 82 S. Ct. 468 (1962) (citing 28 U.S.C. § 2255). "If the court finds . . . that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

The scope of a § 2255 collateral attack is far narrower than an appeal, and a "'collateral challenge may not do service for an appeal.'" *Foster v. Chatman*, 136 S. Ct. 1737, 1758 (2016) (quoting *United States v. Frady*, 456 U.S. 152, 165, 102 S. Ct. 1584 (1982)). Thus, any failure to raise a claim on direct appeal constitutes a procedural default that bars presentation of the claim in a § 2255 motion unless the petitioner can demonstrate cause and prejudice, or actual innocence. *United States v. Pettiford*, 612 F.3d 270, 280 (4th Cir. 2010); *see Dretke v. Haley*, 541 U.S. 386, 393, 124 S. Ct. 2291 (2004); *Reed v. Farley*, 512 U.S. 339, 114 S. Ct. 2291 (1994); *see also United States v. Mikalajunas*, 186 F.3d 490, 492–93 (4th Cir. 1999). Conversely, any "failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255." *Massaro v. United States*, 538 U.S. 500, 509, 123 S. Ct. 1690 (2003).

## ANALYSIS

Yelizarov argues that his sentence must be vacated because: (1) his attorney failed to render effective assistance of counsel; (2) his prior counsel was dishonest at the hearing on

4

Yelizarov's motion to withdraw his guilty plea; (3) the Indictment was defective based on "false information in a sealed memorandum to the courts and possibly the Grand Jury"; and (4) the trial judge was prejudiced and showed "possible misconduct" by sealing a transcript. As explained below, all of Yelizarov's arguments are meritless.

### I. Petitioner Received Effective Assistance of Counsel.

Yelizarov argues that his counsel was ineffective by: failing to advise him of the impact of pleading guilty in future prosecutions; failing to file Rule 12 motions; failing to properly investigate or hire an investigator to question victims who were burglarized; failure to advise him that an associate of the firm representing him was working on the case *pro bono* and was not appointed by the Criminal Justice Act panel.

A freestanding claim of ineffective assistance of counsel may properly be asserted for the first time in a § 2255 petition. *United States v. DeFusco*, 949 F.2d 114, 120–21 (4th Cir. 1991). To state a claim for relief based on a Sixth Amendment claim of ineffective assistance of counsel, a petitioner must satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 671, 104 S. Ct. 2052 (1984).

The first, or "performance," prong of the test requires a showing that defense counsel's representation was deficient and fell below an "objective standard of reasonableness." *Id.* at 688. In making this determination, courts apply a strong presumption that counsel's actions fell within the "wide range of reasonable professional assistance." *Id.* at 688–89. To satisfy the first prong, the Petitioner "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound . . . strategy.'" *Id.* at 689. Specifically, a

5

Petitioner must identify "the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.* at 690.

The second, or "prejudice" prong, requires that a petitioner demonstrate that his counsel's errors "had an adverse effect on the defense." *Id.* at 693. In the plea-bargaining context, a petitioner must demonstrate that "there is a reasonable probability that, but for counsel's errors, [s]he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S. Ct. 366 (1985).

As a preliminary matter, the validity of Yelizarov's guilty plea was confirmed by Judge Garbis after Yelizarov moved to withdraw the plea. After an evidentiary hearing on Yelizarov's motion, and after considering the papers filed by both Yelizarov and the Government, Judge Garbis determined that "Yelizarov has not established inadequate professional performance by his attorney and has not offered credible evidence that his plea, made under oath, was not knowing or voluntary." (ECF No. 77 at 4.) Moreover, as part of Yelizarov's guilty plea, he expressed his satisfaction with counsel:

> **The Court:** All right. Are you satisfied with the services you've gotten from Mr. Lawlor as your attorney?
>
> **The Defendant:** Yes, Your Honor.
>
> **The Court:** Mr. Lawlor, what would you like to say about your representation and the fact that your client is pleading guilty to the indictment?
>
> **Mr. Lawlor:** Your Honor, I tried to provide Mr. Yelizarov with effective representation as I attempt to do with all my clients. I believe I've done so. I believe that we have reviewed the evidence that the Government would be prepared to produce at trial, including the *Jencks* materials which the Government has provided to us. And my recommendation to Mr. Yelizarov has been that a trial would be unlikely to result in an acquittal. And therefore, we have discussed the plea, the plea that he's entering today.

| | |
|---|---|
| **The Court:** | Very well.  Is that accurate, Mr. Yelizarov? |
| **The Defendant:** | Yes, sir. |

(9/8/2017 Guilty Plea Hearing at 14:4-21, ECF No. 60.) Given this context and for the reasons detailed below, there is no reason for this Court to now doubt the truth of Yelizarov's sworn statements that he was satisfied with defense counsel. *See United States v. Lemaster,* 403 F.3d 216, 221 (4th Cir. 2005) (citations omitted) ("A defendant's solemn declarations in open court affirming a plea agreement carry a strong presumption of verity because courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy.").

Yelizarov first argues that counsel was ineffective for failing to inform him of the impact of his guilty plea on future prosecutions.  Yelizarov does not, however, identify any "future prosecutions" to which he was subject.  Instead, the consequence of Yelizarov's guilty plea was that he could be sentenced from 10 years' to life imprisonment, a fact of which he was made fully aware in the Rule 11 proceeding:

| | |
|---|---|
| **The Court:** | Now, it appears that the legal maximum sentence for that charge is life imprisonment and that if you plead guilty and that plea is accepted, then I have to sentence you and it's possible there could be a life sentence.  Do you understand that? |
| **The Defendant:** | I do understand, Your Honor. |
| | **\* \* \* \* \*** |
| **Mr. Lawlor:** | In an effort to make sure that Mr. Yelizarov understands the ramifications of his plea, I have advised him that the Government will take the position at sentencing that 10 years is the mandatory minimum penalty for this offense and that that 10-year sentence must be ordered to run consecutive to any sentence Mr. Yelizarov is currently serving. |

|              |                                                                                                                                                                                                                                                                                              |
|--------------|----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
| **The Court:**   | Well, what you're stating is that under the law as now pronounced by the Fourth Circuit, it would require me to impose a 10-year mandatory minimum as the Fourth Circuit now states?                                                                                                          |
| **Mr. Lawlor:**  | I believe that's correct, Your Honor, yes.                                                                                                                                                                                                                                                    |
| **The Court:**   | Well, Mr. Yelizarov, the important thing is that you understand that the Government is going to raise this issue if I happen to think that the Fourth Circuit says what they say it says, the sentence that you would receive would be at least ten years consecutive. Do you understand that? |
| **The Defendant:** | I do, Your Honor.                                                                                                                                                                                                                                                                             |

(9/8/2017 Guilty Plea Hearing at 8:15-20, 9:25-10:25, ECF No. 60.) While Yelizarov's sentence in this case was to run consecutive to another, *earlier* imposed sentence, after the imposition of Yelizarov's sentence in this case, there have been no further charges filed against him. As a result, Yelizarov's argument that counsel failed to inform him of the impact of his guilty plea on future prosecutions is baseless.

Yelizarov also argues that counsel was ineffective for failing to file "motions regarding Rule 12" and for failing to properly investigate or hire an investigator. As to the Rule 12 motions, Yelizarov's counsel did file motions pursuant to Federal Rule of Criminal Procedure 12(b)(1) prior to trial, seeking to suppress evidence seized from the search of Yelizarov's Facebook account. (ECF Nos. 21, 26.) On July 7, 2017, Judge Garbis held a hearing on Yelizarov's motions. (ECF No. 31.) The Court denied Yelizarov's motions by written opinion on July 17, 2017. (ECF No. 32.) Consequently, Yelizarov's argument that his counsel failed to file Rule 12 motions is without merit.

Yelizarov's argument that counsel failed to properly investigate or hire an investigator is similarly without merit. Yelizarov specifies only that counsel failed to investigate the

8

burglaries where Yelizarov stole a diamond ring and a handgun with a silencer. (Mot. at 6, ECF No. 120.) However, the record reflects that counsel obtained funding from the Criminal Justice Act ("CJA") panel and hired two different investigators. (*See* 3/5/2018 Motions Hearing Tr. at 23:21-22, ECF No. 84 ("Q: Did you hire an investigator with CJA funds? A: We did.").) In addition, at the hearing on Yelizarov's motion to withdraw his guilty plea, Yelizarov's counsel testified as to the other investigative efforts he made in Yelizarov's case, including reviewing *Jencks* material months before the trial, meeting with Yelizarov and his parents on numerous occasions for at least 27 hours, and speaking with the lawyers for the Government's witnesses to get a sense of the witnesses' strengths. (*Id.* at 12-24.) Moreover, Yelizarov does not explain what might have been gleaned from additional investigation of the burglaries. As a result, there is simply nothing in counsel's efforts that indicates his representation was constitutionally defective.

Finally, Yelizarov argues that his counsel was ineffective for failing to advise him that an associate of the firm representing him was working on the case *pro bono* and was not appointed by the Criminal Justice Act panel. Yelizarov does not explain how this fact impacted either *pro bono* counsel or his CJA appointed counsel's representation. Indeed, the record reflects that Yelizarov's CJA appointed counsel billed over 200 hours for his time and did not bill for his associate's time. (3/5/2018 Motions Hearing Tr. at 45-46, ECF No. 84.) Yelizarov simply fails to explain how *pro bono* counsel's inability to bill his time to the CJA panel constitutes ineffective assistance of counsel.

In sum, Yelizarov's claims of ineffective assistance of counsel cannot overcome the "'strong presumption that counsel's conduct falls within the wide range of reasonable

9

professional assistance.'" *Yarbrough v. Johnson*, 520 F.3d 329, 337 (4th Cir. 2008) (quoting *Strickland*, 466 U.S. at 689). Accordingly, this Court finds that none of counsel's actions were constitutionally defective, and Yelizarov's ineffective assistance of counsel claims must fail.

## II.   Procedurally Barred Claims.

As noted above, it is well-settled that a § 2255 motion is not a vehicle to circumvent a proper ruling on appeal, *United States v. Dyess*, 730 F.3d 354, 360 (4th Cir. 2013), and a defendant will not "be allowed to recast, under the guise of collateral attack, questions fully considered by [the Circuit Court on direct appeal]." *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976) (citing *Herman v. United States*, 227 F.2d 332 (4th Cir. 1955)).

Additionally, if a defendant waives an issue by failing to raise it on direct appeal and then later attempts to raise it as a collateral attack, that motion is procedurally barred. *See Massaro v. United States*, 538 U.S. 500, 504 (2003); *Bousley v. United States*, 523 U.S. 614, 622 (1998). An exception to this rule applies where a petitioner demonstrates both "cause" and "actual prejudice," *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Wainwright v. Sykes*, 443 U.S. 72, 87 (1977), or where a petitioner can demonstrate that he is "actually innocent." *United States v. Pettiford*, 612 F.3d 270, 280 (4th Cir. 2010); *see Dretke v. Haley*, 541 U.S. 386, 393, (2004); *Reed v. Farley*, 512 U.S. 339, (1994); *United States v. Mikalajunas*, 186 F.3d 490, 492–93 (4th Cir. 1999). To show actual prejudice, Petitioner has the burden of showing that the alleged errors "worked to his *actual* and substantial disadvantage" with "error of constitutional dimensions." *Frady*, 456 U.S. at 170. Ultimately, when a sentence imposed by a district court was "'within the statutory limits,' and the proceedings were not 'infected with any error of fact or law of the fundamental character' the claim [is] not appropriate for a § 2255 review." *United States v. Foote*,

784 F.3d 931, 937 (4th Cir. 2015) (quoting *United States v. Addonizio*, 442 U.S. 178, 186, 99 S. Ct. 2235 (1979)).

On appeal, the Fourth Circuit summarily rejected Yelizarov's challenge to Judge Garbis's denial of his motion to withdraw his guilty plea and Yelizarov's challenge that Hobbs Act Robbery is not a valid predicate offense to support a § 924(c), (j) conviction. *See United States v. Yelizarov*, 815 Fed. App'x 742 (Mem.) (4th Cir. Aug. 13, 2020). Now, Yelizarov raises the following new arguments for the first time on his § 2255 motion: that his counsel was dishonest at the hearing on Yelizarov's motion to withdraw his guilty plea; that the Indictment was defective based on "false information in a sealed memorandum to the courts and possibly the Grand Jury"; and that the trial judge was prejudiced and showed "possible misconduct" by sealing a transcript. All of these arguments could have been raised on direct appeal by Yelizarov to challenge his conviction, but Yelizarov did not raise them. Accordingly, Yelizarov must show "cause", "actual prejudice" or "actual innocence."

Yelizarov offers nothing to support his bald allegations regarding his counsel's alleged dishonesty, the Indictment's alleged defectiveness, and the trial judge's alleged prejudice and misconduct. He does not identify counsel's dishonesty; he does not identify what "false information" was contained in a sealed memorandum; and he does not identify how the trial judge was prejudiced or which transcript was allegedly sealed that constituted misconduct.

Accordingly, Yelizarov has made no effort to establish the requisite cause, actual prejudice, or actual innocence warranting relief from the procedural bar of his claims.

As a result, because all of Yelizarov's arguments are either procedurally barred or lack merit, his Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 120) is DENIED.

## CONCLUSION

For the foregoing reasons, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 120) is DENIED.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003). Because reasonable jurists would not find Petitioner's claims debatable, a certificate of appealability is DENIED.

A separate Order follows.

Dated: February 23, 2021

_____/s/_____
Richard D. Bennett
United States District Judge